Commonwealth *v.* Ross, Appellant.

Argued December 11, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Howard E. Hannum,* for appellant.

*Louis A. Bloom,* with him *Guy G. deFuria,* Assistant District Attorneys, and *Wm. B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, J., January 30, 1940:

Appellant was convicted of corrupt solicitation, under the Act of April 29, 1874, P. L. 115, 18 PS §3, of Helen C. Hoover, a school director of the Township of Upper Darby. His motions in arrest of judgment and for a new trial were dismissed, and sentence imposed. This appeal followed.

The sole reason argued in support of the motion for a new trial is that the trial judge erred in admitting in evidence at the trial the certificate of election issued to Mrs. Hoover pursuant to the School Code,[1] because, at the time she presented it to the board of school directors at the organization meeting in December, 1933, following the November election, said certificate did not have upon it the seal of the court. In fact, such seal was not placed thereon until January, 1939. In the absence of this formality, appellant contends that the certificate was inadmissible to show that Mrs. Hoover was a duly elected and qualified school director as alleged in the indictment.

The Commonwealth proved by the original tabulation and certification under the signatures of the judges of the Court of Common Pleas of Delaware County that Mrs. Hoover had been duly elected to the office of school director of the said township at the election in November, 1933, for a term of six years. The Commonwealth also proved that she took the oath of office at the organization meeting in December, 1933; and it is not disputed

---

[1] "The number of votes cast for the several candidates for school directors in all school districts in this Commonwealth at any election shall be returned by the election officers, as provided by law, and the clerk, prothonotary, or other proper authority, shall, within ten days thereafter, under seal of the court, certify the result of the election to each candidate duly elected, and a duplicate copy of each such certificate shall be mailed to the president of the board of school directors in the district in which such person or persons were elected." Act of May 18, 1911, P. L. 309, art. 2, §222, 24 PS §175.

that thereafter she exercised and performed the duties of her office.

Section 302, of the School Code, supra, 24 PS §213, provides, inter alia, that at the organization meeting "the certificates of the election or appointment of all new school directors shall be read, and a list of the legally elected or appointed and qualified school directors prepared." Referring to this section, Mr. Justice MAXEY, speaking for the Supreme Court in *Derringe v. Donovan et al.,* 308 Pa. 469, at page 473, 162 A. 439, at page 440, said: "It is thus obvious that the statute provides that a newly elected director can become a member of the school board only when he has filed, first, his certificate of election, and, second, his oath of office." It was also said in this case that "this certificate constitutes the credentials of the party duly elected." A board of school directors might properly insist upon the production of a certificate with the seal of the court thereon, as the statute requires, before admitting one who presents himself as a newly elected member. But it does not follow that the same rule applies in a collateral proceeding where, as here, it is conceded that the school director was elected by the voters, took the oath of office, and actually served. We would be going beyond even a rigid adherence to formalism if we countenanced the argument that in such case Mrs. Hoover never became a public officer because the certificate which she presented, and the board accepted, did not bear the seal of the court due, no doubt, to mere inadvertence on the part of the prothonotary. It is not contended that Mrs. Hoover was not entitled to a certificate duly sealed, and the certificate complied with the statute in this respect when it was offered in evidence.

In the case at bar the certificate was a convenient, but not an exclusive, method of proving Mrs. Hoover's election. That fact having been shown by evidence aliunde, the certificate was not indispensable, and appel-

lant was not harmed by its admission. See *Com. ex rel. Gast v. Kelly*, 255 Pa. 475, 481, 482, 100 A. 272.

Judgment is affirmed, and the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.